684 F.2d 359
 110 L.R.R.M. (BNA) 3201, 94 Lab.Cas. P 13,653
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GENERAL DRIVERS, WAREHOUSEMEN AND HELPERS, LOCAL UNION NO.
89, AFFILIATED WITH INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND
HELPERS OF AMERICA, Respondent.
 No. 81-1309.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 16, 1982.
Decided July 21, 1982.
 
 Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.
 Ralph H. Logan, Alton D. Priddy, Hardy, Logan & Hastings, Louisville, Ky., for respondent.
 Before LIVELY and KEITH, Circuit Judges, and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The National Labor Relations Board petitions for enforcement of its decision and order issued on January 26, 1981 and reported at 254 NLRB No. 93. After the respondent union filed grievances against Robert E. McKee, Inc., an employer member of an association with which it had a contract, McKee filed an unfair labor practice charge with the Board. The grievance committee agreed to withhold a decision pending resolution of the unfair labor practice charge. The parties waived proceedings before an administrative law judge and the case was heard by a three-member panel of the Board on stipulated facts. By a two-to-one vote the Board found that the respondent union had violated § 8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e), by entering into an agreement under the terms of which the employer agreed not to subcontract "jobsite" work to any employer who had not signed or promised to sign a collective bargaining agreement with the respondent union.
 
 
 2
 Section 8(e) of the Act, which makes it an unfair labor practice for an employer and a union to enter into a contract by which the employer agrees not to do business with non-signatory subcontractors, contains a proviso which exempts from its operation agreements in the construction industry relating to work done at a jobsite. In the present case the Board found that the respondent union was not entitled to rely on the proviso of § 8(e) because the collective bargaining agreement with McKee contained other provisions permitting the union to enforce the terms of the agreement by economic self-help, i.e., by a strike. The Board relied on a number of its earlier decisions in which it had consistently held that the jobsite exemption in § 8(e) does not apply where the union retains the right to enforce the agreement by self-help measures.
 
 
 3
 In opposing enforcement of the order in this court the respondent contends that the Board erroneously equated contract language with prohibited conduct and that the union should not be denied the benefit of the jobsite proviso in § 8(e) except in those cases where it actually relies on economic self-help to enforce rights under the collective bargaining agreement. The mere filing of a grievance by the union in this case would not necessarily result in the union's resorting to economic self-help.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal the court concludes that the Board did not err as a matter of law in holding that the respondent union in this case may not rely on the jobsite proviso.
 
 
 5
 The order of the Board is enforced.